**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus ANDRADE, aka Shorty,
Defendant—Appellant.**

No. 08–50373.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Michael J. Raphael, Esquire, Kevin S. Rosenberg, Jerry Chenwei Yang, Peter A. Hernandez, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gene Vorobyov, Law Office of Gene Vorobyov, San Francisco, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

### MEMORANDUM **

Jesus Andrade appeals from the 151–

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

month sentence imposed following his guilty-plea conviction for being a member of a Racketeer Influenced and Corrupt Organizations enterprise, in violation of 18 U.S.C. § 1962(d), and conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Andrade contends that the district court committed plain error by imposing an impermissibly vague and overbroad supervised release condition, which, among other things, prohibits him from associating with persons known to him to be associated with Florencia 13 gang members. Because the condition is neither impermissibly vague nor overbroad, the district court did not plainly err. *See United States v. Soltero*, 510 F.3d 858, 866 (9th Cir.2007) (per curiam); *United States v. Ross*, 476 F.3d 719, 721–23 (9th Cir.2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.